Eric J. Bakewell (SBN 241529)
  EBakewell@willkie.com
Benita S. Yu (SBN 329195)
  BYu@willkie.com
Sam R. Santopoalo (SBN 334919)
  SSantopoalo@willkie.com
Emily Horak (SBN 340115)
  EHorak@willkie.com
**WILLKIE FARR & GALLAGHER LLP**
2029 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone: (310) 855-3000
Facsimile: (310) 855-3099

*Attorneys for Defendant*
*Harman International Industries, Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ANNETTE CODY, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>HARMAN INTERNATIONAL INDUSTRIES, INC.<br><br>　　　　　　Defendant. | Case No. 2:23-cv-10845<br><br>**DEFENDANT HARMAN INTERNATIONAL INDUSTRIES, INC.'S NOTICE OF REMOVAL** |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that Defendant Harman International Industries, Inc. ("Harman") hereby removes this action from the Superior Court for the State of California in and for the County of Los Angeles ("Los Angeles Superior Court") to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332 and 1441 as follows:

I. **CODY FILES A STATE COURT ACTION AGAINST HARMAN**

1. On November 27, 2023, Plaintiff Annette Cody initiated an action in Los Angeles County Superior Court against Harman on her behalf and on behalf of a putative class. Cody's action is captioned *Annette Cody, individually and on behalf of all others similarly situated v. Harman International Industries, Inc. d/b/a www.jbl.com*, Case No. 23STCV28901 (the "Superior Court Action"). A true and correct copy of the Complaint is attached hereto as **Exhibit 1**.

2. Harman was served with the Complaint on December 1, 2023. A true and correct copy of the Proof of Service of Summons dated December 14, 2023 is attached hereto as **Exhibit 2**.

3. The docket in the Superior Court Action consists of:

   a. The Complaint dated November 27, 2023 which is attached hereto as Exhibit 1;

   b. The Summons dated November 27, 2023, a true and correct copy of which is attached hereto as **Exhibit 3**;

   c. The Civil Case Cover Sheet dated November 27, 2023, a true and correct copy of which is attached hereto as **Exhibit 4**;

   d. The Notice of Case Assignment – Unlimited Civil Case dated November 27, 2023, a true and correct copy of which is attached hereto as **Exhibit 5**;

   e. The Proof of Service of Summons dated December 14, 2023 which is attached hereto as Exhibit 2;

   f. The Minute Order (Court Order Regarding Newly Filed Case) dated December 21, 2023, a true and correct copy of which is attached thereto as **Exhibit 6**;

   g. The Initial Status Conference Order dated December 21, 2023, a true and correct copy of which is attached thereto as **Exhibit 7**; and

   h. The Certificate of Mailing for the December 21, 2023 Court Order Regarding Newly Filed Case and Initial Status Conference Order dated December 21, 2023, a true and correct copy of which is attached thereto as **Exhibit 8**.

  4. The Complaint brings one cause of action against Harman for violation of California Penal Code Section 638.51.  *See* Ex. 1 at ¶¶ 24-29.  The Complaint alleges that Harman operates www.jbl.com (the "Website") and deploys technology on the Website that constitutes a "pen register" in violation of the California Invasion of Privacy Act ("CIPA").  *See id.* at ¶¶ 15-17.

## II. HARMAN REMOVES THE CASE TO THIS COURT

  5. Harman timely files its Notice of Removal.  *See* 28 U.S.C. § 1446(b)(1) (requiring defendant to file notice of removal within 30 days of service of summons).  Cody served Harman on December 1, 2023.  *See* Ex. 2.  Harman filed its Notice of Removal on December 28, 2023 – 27 days after being served.

  6. Defendant removes to the District Court without waiving and while expressly preserving all objections, defenses, and exceptions authorized by law, including, but not limited to, those pursuant to Federal Rules of Civil Procedure 12 and 23.

  7. Removal is proper as the Court has original jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1332(d).

## III. REMOVAL IS PROPER BECAUSE THE COURT HAS DIVERSITY JURISDICTION OVER THE ACTION

8. Removal is proper when the Court has diversity jurisdiction over an action. *See* 28 U.S.C. § 1441(a) (allowing removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction"); 28 U.S.C. § 1332(a) (providing district courts "shall have original jurisdiction" over actions where the parties are diverse and the amount in controversy exceeds $75,000).

9. The Court has diversity jurisdiction when the controversy is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a) (establishing original jurisdiction based on diversity of parties).

10. The Court has original, diversity jurisdiction over this action because Cody pleads in the Complaint that: (a) she is a California citizen; (b) Harman is a Delaware and Connecticut citizen; and (c) the amount in controversy exceeds $75,000.

### A. There Is Diversity Because Cody Is A Citizen Of California And Harman Is A Citizen Of Delaware And Connecticut

11. This action satisfies the diversity requirement as there is diversity between plaintiff's and defendant's citizenship. *See* 28 U.S.C. § 1332(a) (vesting diversity jurisdiction when parties are citizens of different states). An individual is a citizen of the state in which they are domiciled, and an individual's domicile is where they reside with the intention to remain. *See Adams v. W. Marine Prods., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020) (ruling a person's state of residence constitutes evidence of domicile). A corporation is a citizen of the state of its incorporation and the state where the corporation has its principal place of business. *See* 28 U.S.C. § 1332(c)(1) (establishing for purposes of jurisdiction analysis that "a corporation shall be deemed to be a citizen of every State and foreign state by which

it has been incorporated and of the State or foreign state where it has its principal place of business").

12. Cody pleads that she resides in (and, presumably, is a citizen of) California. *See* Ex. 1 at ¶ 4; *Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013) (ruling that a person's residence is prima facie evidence of a person's domicile).

13. Harman is a citizen of Delaware and Connecticut. *See* 28 U.S.C. § 1332(c)(1) (establishing that a corporation is a citizen of the states where it is incorporated and has its principal place of business). The Complaint accurately pleads that Harman is incorporated in (and, therefore, a citizen of) the State of Delaware. *See* Ex. 1 at ¶ 5; 28 U.S.C. § 1332(c)(1) (providing corporation is a citizen of the state where it is incorporated). The Complaint is silent as to Harman's principal place of business, but Harman's principal place of business is Stamford, Connecticut as confirmed by Harman's California Secretary of State Statement of Information filed on November 15, 2023 (a true and correct copy of which is attached hereto as **Exhibit 9**). *See L'Garde v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d 932, 937 (C.D. Cal. 2011) (permitting Court to take judicial notice of California Secretary of State website to determine whether Court had diversity jurisdiction over case); *see also* Fed. R. Evid. 201(b)(2) (allowing Court to take judicial notice of facts that "can be accurately and readily determined").

14. There are no other parties to the action. *See generally* Ex. 1. Accordingly, there is diversity between: (a) California Plaintiff Cody; and (b) Delaware and Connecticut Defendant Harman.

### B. Cody's Claim Facially Exceeds The Amount In Controversy Requirement For Removal

15. The Complaint pleads that the amount in controversy exceeds $75,000. *See* Ex. 1 at ¶¶ 19, 28; *see also Carillo v. FCA USA, LLC*, 546 F. Supp. 3d 995, 998 (C.D. Cal. 2021) (ruling that "[w]hen a complaint filed in state court alleges on its

face damages in excess of the required jurisdictional minimum the amount pled controls" for purposes of removal).

16. Cody pleads $5,000 in statutory damages for each alleged violation of California Penal Code Section 638.51 and alleges a minimum of 100 violations. *See* Ex. 1 at ¶¶ 19, 28.

17. Cody's allegation of at least 100 violations with statutory damages of $5,000 per violation totals at least $500,000.

18. A minimum of $500,000 of alleged damages far exceeds the $75,000 threshold for diversity jurisdiction. *See* Ex. 1 at ¶¶ 19, 28; *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 537, 541 (7th Cir. 2006) (finding amount in controversy requirement for diversity jurisdiction was met when defendant multiplied statutory damages by the purported class size and the figure exceeded $75,000).

19. The Court has original jurisdiction to hear this action pursuant to 28 U.S.C. § 1332(a) given that the amount in controversy far exceeds the $75,000 jurisdictional requirement and the citizenship of each party satisfies the diversity requirements.

## IV. REMOVAL IS PROPER PURSUANT TO THE CLASS ACTION FAIRNESS ACT

20. Removal is independently proper under the Class Action Fairness Act ("CAFA"). *See* 28 U.S.C. § 1441(a) (allowing removal when district court has original jurisdiction); 28 U.S.C. § 1332(d) (establishing original jurisdiction under CAFA).

21. CAFA vests the district court with original jurisdiction when: (a) any plaintiff class member is a citizen of a state different from any defendant (28 U.S.C. § 1332(d)(2)(A)); (b) the size of the class is greater than 100 (28 U.S.C. § 1332(d)(5)(b)); and (c) the amount in controversy exceeds $5,000,000 exclusive of interest and costs (28 U.S.C. § 1332(d)(2)).

22. The caption of the Complaint states "Class Action Complaint for Violation of California Penal Code Section 638.51." Ex. 1 at 1:13-14.  Section V of the Complaint is titled "Class Action Allegations."  *See id.* at 6:16.  The Complaint claims the class consists of "all persons within the state of California who visited Defendants website within the statute of limitations period and whose privacy was violated."  *Id.* at ¶ 18.  Cody also pleads that she "does not know the number of Class Members but believes the number to be *at least* 100."  *See id.* at ¶ 19 (emphasis added).  The Complaint's allegations coupled with additional facts demonstrate that the Court has original jurisdiction over this dispute under CAFA.

### A. There Is Minimal Diversity Between The Parties

23. There is minimal diversity as required by CAFA for the same reasons the Court has diversity jurisdiction over this matter.  *See supra* Section II; 28 U.S.C. § 1332(d)(2)(A) (conferring jurisdiction when "any member of a class of plaintiffs is a citizen of a State different from any defendant").

24. Cody is a citizen of California.  *See* Ex. 1 at ¶ 4; *Mondragon*, 736 F.3d at 886 (finding a person's residence is prima facie evidence of a person's domicile).

25. Additionally, Cody pleads that the class members are California citizens.  *See id.* at ¶ 18 (defining class as Californians who visited the Website).

26. Harman is a citizen of Delaware and Connecticut.  *See* 28 U.S.C. § 1332(c)(1) (establishing that a corporation is a citizen of the states where it is incorporated and has its principal place of business); *see also* Ex. 1 at ¶ 5 (pleading that Harman is incorporated in Delaware); Ex. 9 (showing Harman's principal place of business is in Connecticut).

27. Minimum diversity is satisfied as at least one member of the class of Plaintiffs (Cody) is a citizen of a different state (California) from Defendant Harman (a citizen of Delaware and Connecticut).

### B. Cody Pleads The Class Size Is Over 100

28. Cody pleads that she "does not know the number of Class Members but believes the number to be *at least* 100." Ex. 1 at ¶ 19 (emphasis added).

29. The Complaint's allegations on their face are sufficient to meet the class size requirement for CAFA because the Complaint alleges a class size of greater than 100. *See* 28 U.S.C. § 1332(d)(5)(b) (requiring class size to be greater than 100 to confer original jurisdiction under CAFA); *Beasley v. Lucky Stores, Inc.*, 379 F. Supp. 3d 1039, 1042 (N.D. Cal. 2019) (finding jurisdiction under CAFA where complaint alleged that the proposed class exceeds 100 members); *see also Kurshan v. Safeco Ins. Co. Am.*, 653 F. Supp. 3d 749, 754 (E.D. Cal. 2023) (exercising jurisdiction pursuant to CAFA where plaintiff's complaint alleged that the "putative class contains at least 100 class members").

### C. The Amount In Controversy Exceeds $5,000,000

30. A defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds $5,000,000 to satisfy the CAFA amount in controversy requirement. *See* 28 U.S.C. § 1332(d)(2) (conferring original jurisdiction when "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (requiring defendant to produce evidence supporting amount in controversy only when plaintiff contests or the court questions jurisdiction).

31. Statutory damages and attorneys' fees can be aggregated to calculate the amount in controversy under CAFA. *See Arisa v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (finding attorneys' fees are properly included in amount in controversy calculation under CAFA); *Morey v. Louis Vuitton N. Am., Inc.*, 461 F. App'x 642, 643 (9th Cir. 2011) (finding notice of removal sufficiently alleged that amount in controversy met CAFA requirements by multiplying statutory damages and number of potential violations).

32. Cody pleads that Harman "sells audio components throughout the United States" and in Los Angeles County. *See* Ex. 1 at ¶ 5. Cody alleges that she "does not know the number of Class Members but believes the number to be at least 100" and that "[t]he exact identities of Class Members may be ascertained by the records maintained by Defendant." *Id.* at ¶ 19. The class is defined as "all persons within the state of California who visited Defendants website within the statute of limitations period and whose privacy was violated." *See id.* at ¶ 18. Cody seeks $5,000 in statutory damages per violation and attorneys' fees. *See id.* at ¶¶ 28, b.

33. The face of the Complaint plausibly alleges $5,000,000 in controversy. Attorneys' fees in CIPA class action cases have reached millions of dollars. *See, e.g.*, *Medeiros v. HSBC Card Servs., Inc.*, 2017 WL 11632870, at *9 (C.D. Cal. Oct. 23, 2017) (approving over $4,000,000 in attorneys' fees from class settlement fund for CIPA claim); *In re Yahoo Mail Litig.*, 2016 WL 4474612, at *11 (N.D. Cal. Aug. 25, 2016) (awarding $4 million in attorneys' fees for class action CIPA claim). Moreover, it is more than plausible that the Website had more than 1,000 visitors in California during the statute of limitations period because Cody portrays Harman as a large company that sells its products nationwide. *See, e.g.*, Ex. 1 at ¶ 5. A class size greater than 1,000 seeking $5,000 per violation in statutory damages satisfies the $5,000,000 threshold even without adding the attorneys' fees also sought. *See id.* at ¶ 28, b. Therefore, it is plausible that the amount in controversy exceeds $5,000,000.

### D. None Of The Exceptions To CAFA Jurisdiction Apply

34. CAFA contains various exceptions to or limitations on jurisdiction even if the diversity and amount in controversy requirements are met. *See* 28 U.S.C. § 1332(d)(3)-(5) (setting forth exceptions to CAFA when there is at least one defendant that is a citizen of the forum where state court action was filed).

35. None of the CAFA exceptions to or limitations on jurisdiction apply to this dispute because Harman is the sole defendant and Harman is not a citizen of

California. *See* 28 U.S.C. § 1332(d)(3)-(5) (setting forth exceptions to CAFA when there is at least one defendant that is a citizen of the forum where state court action was filed).

36. The Court has CAFA jurisdiction (in addition to and separate from having diversity jurisdiction) because there is minimal diversity, the class size is greater than 100, and the amount in controversy is greater than $5,000,000.

## V. CONCLUSION

37. For the foregoing reasons, this case is properly removed from the Los Angeles Superior Court to the United States District Court for the Central District of California.

Dated: December 28, 2023

**WILLKIE FARR & GALLAGHER LLP**

By: */s/ Eric J. Bakewell*
Eric J. Bakewell
Benita S. Yu
Sam R. Santopoalo
Emily Horak

*Attorneys for Defendant*
*Harman International Industries. Inc.*

# PROOF OF SERVICE

STATE OF CALIFORNIA            )
                               ) ss.
COUNTY OF LOS ANGELES          )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Willkie Farr & Gallagher LLP, 2029 Century Park East, Suite 2900, Los Angeles, California.

On **December 28, 2023**, I served a copy ☑ / original ☐ of the foregoing document(s) described as **DEFENDANT HARMAN INTERNATIONAL INDUSTRIES, INC.'S NOTICE OF REMOVAL** on the interested parties in this action addressed as follows:

Scott J. Ferrell                                              Attorneys for Plaintiffs
Pacific Trial Attorneys, PC
4100 Newport Place Drive, Suite 800
sferrell@pacifictrialattorneys.com

☑   By placing true copies thereof enclosed in a sealed envelope(s) addressed as stated above.

☑   **BY MAIL (FRCP 5(b)(2)(C))**: I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. Postal Service. Under that practice such envelope(s) is deposited with the U.S. postal service on the same day this declaration was executed, with postage thereon fully prepaid at 2029 Century Park East, Suite 2900, Los Angeles, California, in the ordinary course of business.

☑   **BY ELECTRONIC MEANS (FRCP 5(b)(2)(E))**: Pursuant to FRCP 5(b)(2)(E), I served the above stated document by electronic means to the interested parties in this action whose names and email addresses are listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **December 28, 2023**, at Los Angeles, California.

_____
America Garcia