Eric J. Bakewell (SBN 241529)
  EBakewell@willkie.com
Benita S. Yu (SBN 329195)
  BYu@willkie.com
Sam R. Santopoalo (SBN 334919)
  SSantopoalo@willkie.com
Emily Horak (SBN 340115)
  EHorak@willkie.com
**WILLKIE FARR & GALLAGHER LLP**
2029 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone: (310) 855-3000
Facsimile: (310) 855-3099

*Attorneys for Defendant*
*Harman International Industries, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ANNETTE CODY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HARMAN INTERNATIONAL INDUSTRIES, INC.<br><br>Defendant. | Case No. 2:23-cv-10845-PA-RAO<br><br>**DEFENDANT HARMAN INTERNATIONAL INDUSTRIES, INC.'S RESPONSE TO ORDER TO SHOW CAUSE REGARDING REMOVAL**<br><br>[*Filed Concurrently with Declaration of Eric J. Bakewell and Request for Judicial Notice*] |

70718930

DEFENDANT HARMAN INTERNATIONAL INDUSTRIES, INC.'S RESPONSE TO ORDER TO SHOW CAUSE

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................... 1

STATEMENT OF FACTS.......................................................................................... 2

ARGUMENT ............................................................................................................. 4

I. THE COURT HAS JURISDICTION BASED ON EITHER DIVERSITY UNDER 28 U.S.C. § 1332(a) OR CAFA UNDER 28 U.S.C. § 1332(d) .......... 4

II. THE COURT HAS DIVERSITY JURISDICTION ........................................... 5

    A. Complete Diversity Of Citizenship Exists Between The Parties ............. 6

    B. The Complaint Alleges An Amount In Controversy Over $75,000 ........ 6

    C. The Allegations In Harman's Notice Of Removal Should Be Accepted As True In The Absence Of Any Genuine Dispute ................................. 8

III. THE COURT HAS JURISDICTION UNDER CAFA ...................................... 8

IV. REMAND IS INAPPROPRIATE WITHOUT CERTAINTY THAT CODY WILL NOT PURSUE CAFA CLAIMS AGAINST HARMAN OR ALLOWING AMENDMENT OF THE REMOVAL NOTICE ...................... 10

CONCLUSION ........................................................................................................ 11

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310-855-3000

70718930

i

DEFENDANT HARMAN INTERNATIONAL INDUSTRIES, INC.'S RESPONSE TO ORDER TO SHOW CAUSE

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adams v. W. Marine Prods., Inc.*,
  958 F.3d 1216 (9th Cir. 2020) ................................................................................ 6

*Allen v. Boeing Co.*,
  784 F.3d 625 (9th Cir. 2015) .................................................................................. 4

*Anderson v. Watts*,
  138 U.S. 694 (1891) ............................................................................................... 6

*Behrazfar v. Unisys Corp.*,
  687 F. Supp. 2d 999 (C.D. Cal. 2009) ................................................................... 4

*Biag v. King George – J&J Worldwide Servs. LLC*,
  2020 WL 4201192 (S.D. Cal. July 22, 2020) .................................................... 1, 5

*Chan Healthcare Grp., PS v. Liberty Mut. Fire Ins. Co.*,
  844 F.3d 1133 (9th Cir. 2017) ........................................................................ 1, 5, 8

*Cohn v. Petsmart, Inc.*,
  281 F.3d 837 (9th Cir. 2002) ................................................................................ 10

*Condon v. Condon*,
  2008 WL 11338437 (C.D. Cal. June 6, 2008) .................................................. 7, 9

*Dart Cherokee Basin Operating Co. v. Owens*,
  574 U.S. 81 (2014) ................................................................................................. 9

*Greene v. Harley-Davidson, Inc.*,
  965 F.3d 767 (9th Cir. 2020) ................................................................................. 7

*Guglielmino v. McKee Foods Corp.*,
  506 F.3d 696 (9th Cir. 2007) ................................................................................. 9

*In re Yahoo Mail Litig.*,
  2016 WL 4474612 (N.D. Cal. Aug. 25, 2016) ...................................................... 9

*Kacludis v. GTE Sprint Commc'ns Corp.*,
  806 F. Supp. 866 (N.D. Cal. 1992) ...................................................................... 10

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
  511 U.S. 375 (1994) ................................................................................................ 4

*Martin v. Servicemaster Co.*,
  2018 WL 11483059 (C.D. Cal. Aug. 28, 2018) ................................................. 5, 7

*Medeiros v. HSBC Card Servs., Inc.*,
  2017 WL 11632870, at *9 (C.D. Cal. Oct. 23, 2017) ........................................... 9

*Mondragon v. Cap. One Auto Fin.*,
  736 F.3d 880 (9th Cir. 2013) .................................................................................. 6

*NewGen, LLC v. Safe Cig, LLC*,
  840 F.3d 606 (9th Cir. 2016) .............................................................................. 6, 8

*Rippee v. Bos. Market Corp.*,
  408 F. Supp. 2d 982 (S.D. Cal. 2005) ................................................................ 7, 9

*Simmons v. PCR Tech.*,
  209 F. Supp. 2d 1029 (N.D. Cal. 2002) ................................................................. 7

**Statutes**

28 U.S.C. § 1332 ............................................................................................... *passim*

28 U.S.C. § 1441 ........................................................................................................ 4

28 U.S.C. § 1653 ...................................................................................................... 10

Cal. Pen. Code § 630 ................................................................................................. 2

Cal. Pen. Code § 638.51 ........................................................................................ 2, 6

**PRELIMINARY STATEMENT**

Defendant Harman International Industries, Inc. ("Harman") responds to the Court's January 9, 2023 Order to Show Cause (Dkt. No. 13) regarding the Court's subject matter jurisdiction by explaining how the Court has two separate and independent bases for jurisdiction each of which is sufficient to confer jurisdiction:

- *First, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship and more than $75,000 in controversy.* Plaintiff Annette Cody is a citizen of California. *See* Dkt. No. 1 ¶¶ 12, 14; Dkt. No. 1-1 ¶ 4. Defendant Harman is a citizen of Delaware (where it is incorporated) and Connecticut (where it has its principal place of business). *See* Dkt. No. 1 ¶¶ 13-14; Dkt. No. 1-1 ¶ 5; Dkt. No 1-9. Cody seeks more than $75,000. *See* Dkt. No. 1 ¶¶ 15-19; Dkt. No. 1-1 ¶ 19, 26-28; Dkt. No. 1-1 at 8:1-5 (Cody's "Prayer for Relief"). Therefore, all of the requirements for subject matter jurisdiction based on diversity are satisfied.

- *Second, separately and independently, the Court has subject matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA") (28 U.S.C. § 1332(d)).* Cody and Harman are citizens of different states. *See* Dkt. No. 1 ¶¶ 23-27; Dkt. No. 1-1 ¶ 4-5. Harman also reasonably believes Cody is seeking to represent a class size of greater than 100. *See* Dkt. No. 1 ¶¶ 28-29; Dkt. No. 1-1 ¶ 19. And, the amount in controversy exceeds $5 million. *See* Dkt. No. 1 ¶¶ 30-33; Dkt. No. 1-1 ¶ 19, 26-28; Dkt. No. 1-1 at 8:1-5 (Cody's "Prayer for Relief").

Either basis for jurisdiction satisfies this Court's jurisdictional requirement. *See Chan Healthcare Grp., PS v. Liberty Mut. Fire Ins. Co.*, 844 F.3d 1133, 1137 (9th Cir. 2017) (recognizing "traditional diversity" jurisdiction "under § 1332(a)" and CAFA jurisdiction are distinct); *Biag v. King George – J&J Worldwide Servs. LLC*, 2020 WL 4201192, at *7 (S.D. Cal. July 22, 2020) ("Because CAFA 'explicitly expands diversity jurisdiction rather than diminishes its scope,' failure to meet CAFA requirements does not preclude the possibility of meeting traditional

diversity jurisdiction requirements under § 1332(a)."). Therefore, this case should not be remanded.

Moreover, it is clear from Complaints filed by Plaintiff's counsel in other similar cases involving alleged violations under the California Invasion of Privacy Act ("CIPA") and from discussions with Plaintiff's counsel regarding this litigation that Plaintiff intends to pursue claims well in excess of CAFA's class size and amount in controversy requirements to the extent that there is any uncertainty about whether those requirements are met. *See* Declaration of Eric Bakewell ("Bakewell Decl.") ¶¶ 3-4; *id.* Exs. 1-13 (providing examples of other CIPA-related actions filed by Plaintiff's counsel in which an amended complaint including allegations relating to CAFA was filed the action was removed to federal court).

The case is properly removed (and the Court possesses subject matter jurisdiction) given the complete diversity and the presence of the CAFA jurisdictional requirements. And, the case should not be remanded as long as there is at least either diversity *or* CAFA jurisdiction. As such, there is no basis for remanding the case.[1]

## STATEMENT OF FACTS

Cody filed this action in Los Angeles Superior Court on November 27, 2023 against Harman on behalf of herself and a putative class for violation of California Penal Code Section 638.51. *See* Dkt. No. 1-1 ¶¶ 24-29; Dkt. No. 1 ¶ 1. The Complaint alleges that Harman operates www.jbl.com ("JBL's Website") and deploys technology on JBL's Website that constitutes a "pen register" in violation of the CIPA (Cal. Pen. Code § 630, *et seq.*). *See* Dkt. No. 1-1 ¶¶ 15-17; Dkt. No. 1

---

[1] This case should not remanded even if the Court finds there is no diversity jurisdiction under 28 U.S.C. § 1332(a) without a binding stipulation or a binding, under-oath declaration from Cody that she will not pursue claims in this litigation on behalf of a class of more than 100 individuals or seeking more than $5,000,000.

¶ 4.  Cody served Harman no earlier than December 1, 2023.  *See* Dkt. No. 1 ¶ 2; Dkt. No. 1-2.

On December 28, 2023, Harman timely removed this action to this Court based on diversity jurisdiction under 28 U.S.C. § 1332(a) and CAFA jurisdiction under 28 U.S.C. § 1332(d).  *See generally* Dkt. No. 1 ¶¶ 8-36.  Harman explained that diversity jurisdiction exists because there is complete diversity of citizenship between parties (Cody is a citizen of California and Harman is a citizen of Delaware and Connecticut), and there is more than $75,000 in controversy.  *See* Dkt. No. 1 ¶¶ 8-19; Dkt. No. 1-1 ¶¶ 4-5, 19, 26-28; Dkt. No. 1-1 at 8:1-5.  Harman also explained that CAFA jurisdiction exists because Harman reasonably believes the Complaint pursues a class action with more than 100 individuals and more than $5 million in controversy.  *See* Dkt. No. 1 ¶¶ 20-36; Dkt. No. 1-1 ¶¶ 19, 26-29; Dkt. No. 1-1 at 8:1-5.

Counsel for Cody has filed multiple actions in state court alleging various violations under the CIPA – with many of these cases being removed to federal court and are not remanded.  *See, e.g.*, Bakewell Decl. Exs. 1, 4, 8, 11.  Notably, Cody's counsel modus operandi is to file an amended complaint specifically alleging CAFA allegations after a case is removed to federal court (which is consistent with statements made by Cody's counsel to Harman's counsel in this action).  *See id.* Exs. 2-3, 5-7, 9-10, 12-13; *see also id.* ¶¶ 3-4.

On January 9, 2023, the Court issued an order to show cause regarding the Court's jurisdiction over this action under CAFA.  *See generally* Dkt. No. 13.  The Court directed Harman to file a response to show cause as to "why this case should not be remanded for lack of subject matter jurisdiction because Defendant has failed to show, by a preponderance of the evidence, that the amount in controversy requirement for CAFA jurisdiction has been met."  *See id.* at 3.

On January 10, 2024, counsel for the parties discussed matters relating to this action.  *See* Bakewell Decl. ¶ 4.  Statements by Cody's counsel during this

discussion made clear that Cody is seeking more than $5 million for the class and representing a class of more than 100 individuals. *See id.*[2]

## ARGUMENT

This case should not be remanded. The Court has subject matter jurisdiction over this action pursuant to: (1) 28 U.S.C. § 1332(a) given the complete diversity and satisfaction of the $75,000 amount in controversy requirement; or (2) 28 U.S.C. § 1332(d) (CAFA) given the satisfaction of CAFA's jurisdictional requirements.

Additionally, remand is not proper even if the Court focused only on CAFA jurisdiction (and ignored the indisputable and unchallenged diversity jurisdiction) and concludes that the CAFA allegations in Harman's Notice of Removal are insufficient. It is clear and obvious that Plaintiff intends to pursue a class action that unquestionably satisfies CAFA's requirements (and intends to file an Amended Complaint showing as much). At a minimum (and, again, ignoring diversity jurisdiction), remand would not be proper unless Cody provides binding assurances that she is not pursuing and will not pursue CAFA claims against Harman and/or granting Harman leave to amend its Notice of Removal to fix any deficiencies.

### I. THE COURT HAS JURISDICTION BASED ON EITHER DIVERSITY UNDER 28 U.S.C. § 1332(a) OR CAFA UNDER 28 U.S.C. § 1332(d)

Removal of this action is proper if the Court "would have original jurisdiction over the action" given that federal courts "are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Allen v. Boeing Co.*, 784 F.3d 625, 628 (9th Cir. 2015); *see* 28 U.S.C. § 1441(a). Grounds for subject matter jurisdiction include diversity jurisdiction under 28 U.S.C. § 1332(a) and CAFA jurisdiction under 28 U.S.C. § 1332(d). *See, e.g.*, *Behrazfar v. Unisys Corp.*, 687 F.

---

[2] Cody's counsel also indicated that Cody plans to file an Amended Complaint to add additional allegations including allegations relating to CAFA. *See* Bakewell Decl. ¶ 3.

Supp. 2d 999, 1004 (C.D. Cal. 2009) (concluding the court has subject matter jurisdiction under CAFA and denying motion to remand); *Martin v. Servicemaster Co.*, 2018 WL 11483059, at *2 (C.D. Cal. Aug. 28, 2018) (concluding court has diversity jurisdiction).

Harman removed this case pursuant to diversity of citizenship and CAFA, and the Court has subject matter jurisdiction over this action under either basis. *See* Dkt. No. 1 ¶¶ 5-36; *see also Chan Healthcare Grp., PS*, 844 F.3d at 1137 (recognizing "traditional diversity" jurisdiction "under § 1332(a)" and CAFA jurisdiction are separate grounds for federal court jurisdiction); *Biag*, 2020 WL 4201192, at *7 (noting whether CAFA jurisdictional requirements are met "does not preclude the possibility of meeting traditional diversity jurisdiction requirements under § 1332(a)").

## II. THE COURT HAS DIVERSITY JURISDICTION

The Court has subject matter jurisdiction over this case because diversity jurisdiction exists. *See* 28 U.S.C. § 1332(a) (providing district courts "shall have original jurisdiction" over actions where the parties are diverse and the amount in controversy exceeds $75,000); *see also* Dkt No. 1 ¶¶ 8-19 (explaining that the Court has diversity jurisdiction over this action).

The requirements for diversity jurisdiction are met because Cody and Harman (the only parties to the action) are "citizens of different States," and the amount in controversy as pleaded by Cody exceeds $75,000. *See* 28 U.S.C. § 1332(a) (stating that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States"); Dkt. No. 1 ¶¶ 8-19; Dkt. No. 1-1 at ¶¶ 4-5.

### A. Complete Diversity Of Citizenship Exists Between The Parties

The complete diversity requirement for diversity jurisdiction is satisfied because Cody is domiciled in California while Harman is domiciled in Delaware and Connecticut. *See* Dkt. No. 1 ¶¶ 11-14; Dkt. No. 1-1 ¶¶ 4-5.

Cody is domiciled in California given that she resides in (and is, presumably, a citizen of) California.[3] *See Adams v. W. Marine Prods., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020) (ruling a person's state of residence constitutes evidence of domicile); *Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013) (ruling that a person's residence is prima facie evidence of a person's domicile); Dkt. No. 1 ¶ 12; Dkt. No. 1-1 ¶ 4.

Harman is a citizen of Delaware and Connecticut. *See* 28 U.S.C. § 1332(c)(1) (establishing that a corporation is a citizen of the states where it is incorporated and has its principal place of business); Dkt. No. 1 ¶ 13; Dkt. No. 1-9 (Harman's California Secretary of State Statement of Information filed on November 15, 2023 showing Harman is incorporated in Delaware and its principal place of business is Stamford, Connecticut).

### B. The Complaint Alleges An Amount In Controversy Over $75,000

The Complaint pleads an amount in controversy exceeding $75,000 as explained in Harman's Notice of Removal. *See* Dkt. No. 1 ¶¶ 15-19; Dkt. No. 1-1 ¶¶ 19, 28.

---

[3] Cody has not claimed to be domiciled in another state since Harman removed this case on December 28, 2023. *See* Bakewell Decl. ¶ 2. Therefore, the Court should accept as true that Cody's place of domicile is in California. *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016) ("[A]t the pleading stage, allegations of jurisdictional fact need not be proven unless challenged."); *see also Anderson v. Watts*, 138 U.S. 694, 706 (1891) (noting that the "place where a person lives is taken to be his domicile until facts adduced establish the contrary").

Cody alleges $5,000 in statutory damages for each alleged violation of California Penal Code Section 638.51 and alleges around 100 violations, bringing the alleged statutory damages to about $500,000. *See* Dkt. No. 1-1 ¶¶ 19, 28.

The other alleged damages and fees sought in the Complaint – including punitive damages, attorneys' fees, and "any and all other relief at law that may be appropriate" – further establishes the amount in controversy is over $75,000. *See* Dkt. No. 1-1 at 8:1-5 (Cody's "Prayer for Relief"); *id.* ¶¶ 26-28. These other damages and fees are included in calculating the jurisdictional amount in controversy. *See Rippee v. Bos. Market Corp.*, 408 F. Supp. 2d 982, 984 (S.D. Cal. 2005) ("The calculation of the amount in controversy takes into account claims for general damages, special damages, punitive damages if recoverable as a matter of law, and attorneys' fees recoverable by statute or contract.").

The Court may consider other similar cases in assessing potential attorneys' fees and punitive damages for jurisdictional purposes. *See Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 n.4 (9th Cir. 2020) (holding that "it is reasonable to assume" the amount of fees plaintiff's attorney would seek based on evidence in another similar case); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) (noting that when determining jurisdictional amount in controversy defendant may rely on other cases involving analogous facts to establish potential punitive damages).

Counsel for Cody likely would seek attorneys' fees at an hourly rate of at least $750. Cody's counsel sought attorneys' fees in an individual action for alleged violations under California statutes at a rate of $750 per hour in 2018. *See Martin*, 2018 WL 11483059, at *2 (finding amount of controversy for diversity citizen was established "[w]ith the $750 hourly rate of Plaintiff's counsel, Scott J. Ferrell, and the damages potentially recoverable").

And, any punitive damages awarded in this case could be $5,000 for a single privacy offense under the CIPA. *See Condon v. Condon*, 2008 WL 11338437, at *8

1  (C.D. Cal. June 6, 2008) (awarding $5,000 in punitive damages for single CIPA
2  violation).

### C.  The Allegations In Harman's Notice Of Removal Should Be Accepted As True In The Absence Of Any Genuine Dispute

The factual allegations in Harman's Notice of Removal should be accepted as true at this juncture when Cody has not challenged any part of the Notice. *See* Bakewell Decl. ¶ 2; *see NewGen, LLC*, 840 F.3d at 614 ("[A]t the pleading stage, allegations of jurisdictional fact need not be proven unless challenged."). Indeed, Cody's counsel already suggested that Plaintiff agrees that the Court has jurisdiction over this case in discussions between counsel after removal regarding next steps for the litigation. *See* Bakewell Decl. ¶ 3.

The Court's diversity jurisdiction over this case is on its own sufficient to confer subject matter jurisdiction on this Court. *See Chan Healthcare Grp., PS*, 844 F.3d at 1137 (noting that CAFA "expands the jurisdiction of federal courts" and is distinct from "traditional diversity" jurisdiction "under § 1332(a)"); 28 U.S.C. § 1332(a). This action, therefore, should not be remanded.

### III.  THE COURT HAS JURISDICTION UNDER CAFA

The Court has jurisdiction over this action under CAFA in addition to diversity jurisdiction under 28 U.S.C. § 1332(a). *See* 28 U.S.C. § 1332(d) (establishing original jurisdiction under CAFA); Dkt. No. 1 ¶¶ 20-36 (stating CAFA is an independent basis for removal of this case).

Harman's statement in its Notice of Removal that it is more than plausible that JBL's Website had over 1,000 visitors during the statute of limitations period – and thus the amount in controversy to confer CAFA jurisdiction is satisfied – is supported by public record of JBL's prominence and success in the audio industry. *See* Dkt. No. 1 ¶ 33. Harman (a wholly-owned subsidiary of Samsung Electronics that recently earned over a billion dollars in sales in one quarter) owns the JBL brand. *See* Bakewell Decl. Exs. 14 at 1, 15 at 4, 17 at 2. JBL is a global leader in

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310-855-3000

1 the design, manufacturing, and sale of audio-related products for a range of
2 applications including in studios, within homes, and inside cars. *See generally id.*
3 Ex. 16. For example, JBL has sold 200 million headphone units as of 2022 after
4 entering the consumer headphones category in 2016 (an average of about 33.33
5 million headphone units sold each year) and became "the #1 audio brand in volume
6 in the overall headphone market." *See id.* Ex. 17 at 1-2. Moreover, JBL encourages
7 customers to buy directly from its website to purchase authentic JBL products and
8 enjoy other perks. *See id.* Ex. 18. That JBL's Website had more than 1,000 visitors
9 used during the statute of limitations period is not a baseless assumption under these
10 circumstances. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89
11 (2014) ("[A] defendant's notice of removal need include only a plausible allegation
12 that the amount in controversy exceeds the jurisdictional threshold.").

13 Importantly, Cody not only seeks statutory damages on behalf of the
14 purported class members but also punitive damages, attorneys' fees, and "any and
15 all other relief at law that may be appropriate." *See* Dkt. No. 1-1 ¶¶ 26-29 (alleging
16 that the "class members suffered the same intrusion and are entitled to the same
17 damages as Plaintiff"), *see also id.* at 8. The Complaint plausibly alleges more than
18 $5,000,000 in controversy given the multiple types of damages and fees sought and
19 the amounts that have been awarded in similar cases. *See Rippee*, 408 F. Supp. 2d
20 at 984; *see, e.g.*, *Medeiros v. HSBC Card Servs.*, Inc., 2017 WL 11632870, at *9
21 (C.D. Cal. Oct. 23, 2017) (approving over $4.33 million in attorneys' fees from
22 class settlement fund for CIPA claim); *In re Yahoo Mail Litig.*, 2016 WL 4474612,
23 at *11 (N.D. Cal. Aug. 25, 2016) (awarding $4 million in attorneys' fees for class
24 action CIPA claim); *Condon*, 2008 WL 11338437, at *8; *see also Guglielmino v.
25 McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (stating that a removing
26 defendant need only show "that it is 'more likely than not' that the amount in
27 controversy exceeds" the required threshold).

28

There is no dispute that the amount of controversy is satisfied for CAFA jurisdiction in this case. Cody has not challenged Harman's Notice of Removal with respect to this Court's jurisdiction under CAFA (including the jurisdictional amount in controversy), and her counsel indicated that there is and will be no disagreement on this issue. *See* Bakewell Decl. ¶¶ 2-4. Additionally, it is apparent based on other CIPA-related actions filed by Cody's counsel that Cody would, ultimately, file an amended complaint asserting allegations that would confer the Court CAFA in this case. *See* Bakewell Decl. Exs. 1-13. Cody's counsel also indicated that the settlement demand would be greater than $5 million should Harman seek to settle this purported class action. *See* Bakewell Decl. ¶ 4; *see also Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (allowing Court to consider settlement letter to determine amount in controversy).

## IV. <u>REMAND IS INAPPROPRIATE WITHOUT CERTAINTY THAT CODY WILL NOT PURSUE CAFA CLAIMS AGAINST HARMAN OR ALLOWING AMENDMENT OF THE REMOVAL NOTICE</u>

This case (at a minimum) should not be remanded unless Cody provides binding assurance that she will not pursue a CAFA action against Harman considering the circumstances of this case (again, to the extent that the undisputed diversity jurisdiction is ignored). In particular, counsel for Cody represented that Cody intends to file an Amended Complaint to add allegations showing the CAFA requirements are met. *See* Bakewell Decl. ¶¶ 3-4. The Court should either require: (1) Cody to provide evidence that she is not pursuing (and will not pursue) a class action for damages over $5 million and/or is not representing a class of more than 100 individuals; or (2) defer its decision until after Cody files her Amended Complaint.

Alternatively, the Court should grant Harman leave to amend its Notice of Removal should the Court concluded that the Notice is deficient pursuant to 28 U.S.C. § 1653. *See Kacludis v. GTE Sprint Commc'ns Corp.*, 806 F. Supp. 866, 869

(N.D. Cal. 1992) (noting that "defects in form of a removal petition are amendable at any time").

## CONCLUSION

For the foregoing reasons, the Court has subject matter jurisdiction over this action and remand is not warranted.

Alternatively, the Court should either: (1) direct Cody to provide evidence that she is not and will not pursue a class action for damages over $5 million and/or is not representing a class of more than 100 individuals; (2) defer its decision until after Cody files an amended complaint; or (3) grant Harman leave to amend its Notice of Removal should the Court conclude that the Notice is deficient pursuant to 28 U.S.C. § 1653.

Dated:   January 23, 2023

**WILLKIE FARR & GALLAGHER LLP**

By: */s/ Eric J. Bakewell*
Eric J. Bakewell
Benita S. Yu
Sam R. Santopoalo
Emily Horak

*Attorneys for Defendant*
*Harman International Industries. Inc.*