Eric J. Bakewell (SBN 241529)
  EBakewell@willkie.com
Benita S. Yu (SBN 329195)
  BYu@willkie.com
Sam R. Santopoalo (SBN 334919)
  SSantopoalo@willkie.com
Emily Horak (SBN 340115)
  EHorak@willkie.com
**WILLKIE FARR & GALLAGHER LLP**
2029 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone: (310) 855-3000
Facsimile: (310) 855-3099

*Attorneys for Defendant*
*HARMAN International Industries, Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ANNETTE CODY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HARMAN INTERNATIONAL INDUSTRIES, INC.,<br><br>Defendant. | Case No. 2:23-cv-10845-PA-RAO<br><br>Assigned to Hon. Percy Anderson<br><br>**DEFENDANT HARMAN INTERNATIONAL INDUSTRIES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR: (1) LACK OF PERSONAL JURISDICTION; AND (2) FAILURE TO STATE A CLAIM**<br><br>[*Filed concurrently Request for Judicial Notice and [Proposed] Order*]<br><br>Hearing:<br>Date:      March 25, 2024<br>Time:      1:30 p.m.<br>Courtroom:  9A<br><br>Complaint served: November 28, 2023<br>Action removed:    December 27, 2023 |

**WILLKIE FARR & GALLAGHER LLP**
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that at 1:30 p.m. on March 25, 2024, or as soon thereafter as this matter may be heard, in the courtroom of the Honorable Percy Anderson of the United States District Court for the Central District of California, in Courtroom No. 9A, First Street Courthouse, 350 W. First Street, Los Angeles, California 90012, Defendant HARMAN International Industries, Inc. ("Harman") will and hereby does move the Court for an Order dismissing Plaintiff Annette Cody's Complaint with prejudice for: (1) lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2); and (2) failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on February 13, 2024.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, Request for Judicial Notice, and Proposed Order, the pleadings and records on file in this action, and such other evidence and argument as the Court may allow in connection with the hearing on this Motion.[1]

Dated:    February 23, 2024          **WILLKIE FARR & GALLAGHER LLP**

By:    */s/ Eric J. Bakewell*
          Eric J. Bakewell

*Attorneys for Defendant*
*HARMAN International Industries, Inc.*

---

[1] The Court may consider judicially noticed facts submitted in support of a motion to dismiss. *See Mullis v. U.S. Bankr. Ct. Dist. Nev.*, 828 F.2d 1385, 1388 (9th Cir. 1987) (ruling Court may consider judicially noticeable facts in support of a motion to dismiss). The Court must take judicial notice of facts that are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" when a party requests judicial notice and provides the Court "with the necessary information." Fed. R. Evid. 201(b), (c). Judicial notice of the documents and facts contained in Harman's concurrently filed request for judicial notice is proper as explained in Harman's request. *See, e.g., Byars v. Hot Topic, Inc.*, 656 F. Supp. 3d 1051, 1060 (C.D. Cal. 2023) (taking judicial notice in support of motion to dismiss of "virtually identical lawsuits" filed by Cody's counsel).

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ............................................................ 1

STATEMENT OF RELEVANT FACTS AND ALLEGATIONS ...................... 2

    Cody Sues Harman For An Alleged CIPA Violation Relating To The
    Website JBL.com ................................................................ 2

    Harman Is Not A California Resident ...................................... 3

    Cody And Her Counsel File Numerous Copy-And-Paste Complaints ........ 4

    Courts Have Dismissed Cody's Counsel's "Cookie Cutter" Complaints.... 5

ARGUMENT ................................................................................ 5

I.    CODY FAILS TO ESTABLISH PERSONAL JURSIDICTION ............... 5

    A.    Cody's Complaint Does Not Establish General Jurisdiction ............. 6

    B.    Cody's Complaint Does Not Establish Specific Jurisdiction ............ 7

    C.    Cody Does Not Establish Personal Jurisdiction With A Cookie-
        Cutter Complaint ....................................................... 9

II.    CODY FAILS TO STATE ANY CLAIM AGAINST HARMAN ........... 10

    A.    Cody's Vague, Copy-And-Paste Allegations Do Not State A Claim 11

        1.    Cody's Copy-And-Paste Complaint Violates The
            *Twombly*/*Iqbal* Pleading Standard ........................ 11

        2.    Cody Does Not Plead That Harman Uses A Pen Register .... 13

        3.    Cody Fails To Plead Sufficient Facts To Plausibly Establish
            Other Claim Elements ........................................ 14

    B.    Cody, A "Tester" Plaintiff, Does Not Allege That She Was Harmed
        By The Alleged Conduct .................................................. 16

    C.    Cody Fails To State A Claim For Punitive Damages ..................... 18

    D.    The Southern District Of California's *Greenley* Ruling Does Not
        Support Cody's Invented Cause Of Action Against Harman .......... 19

CONCLUSION ............................................................................ 21

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009).....................................................................................*passim*

*Bell Atl. Corp. v. Twombly*
   550 U.S. 544 (2007)......................................................................................*passim*

*Boorstein v. CBS Interactive, Inc.*
   222 Cal. App. 4th 456 (2013) .............................................................................16

*Bouncing Angels, Inc. v. Burlington Ins. Co.*
   2017 WL 1294004 (C.D. Cal. March 20, 2017)....................................................18

*Briskin v. Shopify, Inc.*
   87 F.4th 404 (9th Cir. 2023) .................................................................................8

*Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cnty.*
   582 U.S. 255 (2017)...............................................................................................8

*Burger King Corp. v. Rudzewicz*
   471 U.S. 462 (1985)...............................................................................................9

*Byars v. Hot Topic, Inc.*
   656 F. Supp. 3d 1051 (C.D. Cal. 2023) ....................................................13, 17, 19

*Daghaly v. Bloomingdales.com, LLC*
   — F. Supp. 3d —, 2023 WL 6538382 (S.D. Cal. Oct. 6, 2023) ...................9, 10

*Daimler AG v. Bauman*
   571 U.S. 117 (2014)............................................................................................6, 7

*DFSB Kollective Co. v. Bourne*
   897 F. Supp. 2d 871 (N.D. Cal. 2012)...................................................................8

*Diaz v. Bank of Am. Home Loan Serv., L.P.*
   2011 WL 13046844 (C.D. Cal. July 8, 2011) ......................................................19

*Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*
   2016 WL 6523428 (S.D. Cal. Nov. 3, 2016)........................................................16

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

ii

HARMAN INTERNATIONAL INDUSTRIES, INC.'S MOTION TO DISMISS COMPLAINT

*Fed. Trade Comm'n v. Kochava, Inc.*
— F. Supp. 3d —, 2023 WL 3249809 (D. Idaho May 4, 2023) ...................... 20

*Gilbert v. MoneyMutual, LLC*
2016 WL 7826655 (N.D. Cal. Jan. 27, 2016) .................................................... 16

*Gonzales v. CarMax Auto Superstores, LLC*
840 F.3d 644 (9th Cir. 2016) ............................................................................ 16

*Goodyear Dunlop Tires Operations, S.A. v. Brown*
564 U.S. 915 (2011) ........................................................................................ 6, 8

*Graham v. Noom, Inc.*
533 F. Supp. 3d 823 (N.D. Cal. 2021) ................................................................ 8

*Greenley v. Kochava, Inc.*
— F. Supp. 3d —, 2023 WL 4833466 (S.D. Cal. July 27, 2023) ............ 1, 19, 20

*Licea v. Caraway Home Inc.*
655 F. Supp. 3d 954 (C.D. Cal. 2023) ......................................................*passim*

*Martinez v. Aero Caribbean*
764 F.3d 1062 (9th Cir. 2014) ......................................................................... 6, 7

*Mavrix Photo, Inc. v. Brand Techs., Inc.*
647 F.3d 1218 (9th Cir. 2011) ............................................................................ 7

*McCalip v. TED Confs., LLC*
690 F. App'x 944 (9th Cir. 2017) ..................................................................... 18

*Moss v. U.S. Secret Serv.*
572 F.3d 962 (9th Cir. 2009) ............................................................................ 15

*Panavision Int'l, L.P. v. Toeppen*
141 F.3d 1316 (9th Cir. 1998) ............................................................................ 7

*Saleh v. Nike, Inc.*
562 F. Supp. 3d 503 (C.D. Cal. 2021) .............................................................. 17

*Schwarzenegger v. Fred Martin Motor Co.*
374 F.3d 797 (9th Cir. 2004) ......................................................................*passim*

*Sher v. Johnson*
911 F.2d 1357 (9th Cir. 1990) ............................................................................ 5

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

iii

*Starr v. Baca*
  652 F.3d 1202 (9th Cir. 2011) ............................................................... 14

*Valenzuela v. Keurig Green Mountain, Inc.*
  — F. Supp. 3d —, 2023 WL 3707181 (N.D. Cal. May 24, 2023) ..................... 13

**Statutes**

Cal. Civ. Code § 3294 .......................................................................... 15, 18

Cal. Pen. Code § 637.2 ........................................................................ 15, 16

Cal. Pen. Code § 638.50 ....................................................................... 13, 14

Cal. Pen. Code § 638.51 ................................................................... 13, 15, 20

**Other Authorities**

Fed. R. Civ. P. 8 ............................................................................. 11, 12, 18

Fed. R. Civ. P. 12 ............................................................................ 5, 10, 11

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

## MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

Tester Plaintiff Annette Cody asserts an implausible California Invasion of Privacy Act ("CIPA") claim against out-of-state Defendant HARMAN International Industries, Inc. ("Harman") relating to Harman's JBL.com website without making any allegations unique or specific to Harman.  Cody's Complaint should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6) because: (1) Cody fails to establish the Court's personal jurisdiction over Harman; and (2) Cody's allegations fall far short of meeting the pleading standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Cody asserts a single cause of action based on Harman's alleged use of a purported "pen register software" on JBL.com allegedly in violation of CIPA.  *See* Compl. ¶¶ 24-29.  Yet, Cody makes zero allegations about any conduct (much less wrongful conduct) by Harman and does not include sufficient allegations to pursue her CIPA claim.  For example, Cody neither specifies the alleged software at issue nor explains how the alleged software is a pen register under CIPA's definition of the term.  Cody also does not plead any facts regarding her alleged visit to JBL.com, her discovery of the alleged "pen register software" on JBL.com, or her purported injury as a result of visiting JBL.com.

Cody invents a CIPA claim against Harman out of whole cloth by relying on an inapposite July 2023 motion to dismiss ruling from the United States District Court for the Southern District of California which dismissed most of that plaintiff's privacy claims.  *See Greenley v. Kochava, Inc.*, — F. Supp. 3d —, 2023 WL 4833466 (S.D. Cal. July 27, 2023).  *Greenley* involved a claim against a data broker who: (1) used software that intercepted location data; and (2) sold the intercepted data (including data about users' visits to sensitive locations like health care facilities).  *See id.* at *1.

But, Harman and JBL.com are not (and are not alleged to be) data brokers or sellers of location data (or other personal information) and allegedly sell audio products.

There are two overarching reasons why Cody's Complaint should be dismissed:

*First*, Cody cannot meet her burden to show that the Court has personal jurisdiction over Harman.  The Court lacks "general jurisdiction" because Harman is a Delaware corporation with its principal place of business in Connecticut, and this case is not so exceptional as to find general jurisdiction exists on other grounds.  The Court lacks "specific jurisdiction" because Cody does not allege Harman's purported conduct targeted California.  Federal judges in California have repeatedly dismissed claims similar to Cody's claim because the alleged conduct underlying the CIPA claim is inadequate to establish personal jurisdiction.

*Second*, Cody fails to state a claim.  Cody's copy-and-paste Complaint does not allege: (1) that Harman engaged in any conduct (much less wrongful conduct); (2) that Cody was harmed by any Harman conduct (setting aside that there are zero allegations of any conduct by Harman); or (3) any facts (much less sufficient facts) to support her request for punitive damages.  The out-of-district *Greenley* ruling Cody relies on does not change the Complaint's deficiencies even if that ruling was binding (it is not), factually similar (it is not), or correctly interpreted or applied by Cody (it is not).

Cody's Complaint fails at the pleading stage given its fatal flaws.  Cody cannot establish that the Court has personal jurisdiction over Harman.  And, Cody's rote recitation of CIPA's statutory language without any detail about Harman's alleged conduct does not state a claim or any plausible theory of liability against Harman as required by *Twombly* and *Iqbal*.  Therefore, Cody's Complaint should be dismissed.

## STATEMENT OF RELEVANT FACTS AND ALLEGATIONS

### Cody Sues Harman For An Alleged CIPA Violation Relating To The Website JBL.com

On November 26, 2023, Cody filed this action in Los Angeles Superior Court against Harman for allegedly violating California Penal Code Section 638.51 through

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

its JBL.com website.  *See generally* Compl., ECF No. 1-1.  Cody asserts the claim on behalf of herself and a class of others similarly situated.  *See id.* ¶¶ 18-23, 29.  On December 28, 2023, Harman removed the action to federal court.  *See* Notice of Removal, ECF No. 1.

The Complaint consists of generic allegations that have nothing to do with Harman.  For example, the Complaint:

- Mentions Harman by name only in the caption, *see* Compl.;

- Contains two boilerplate paragraphs about jurisdiction, *see id.* ¶¶ 1-2;

- Alleges that Cody "visited Defendant's website using a mobile device" without providing any details about that visit, *see id.* at 2:5;

- Discusses a general right to privacy without any factual allegations as to how Harman violated that right, *see id.* ¶¶ 6-8;

- Describes "identity resolution" and claims "identity resolution" violates CIPA without alleging facts about Harman's activity, *see id.* ¶¶ 9-14;

- Quotes the "pen register" statute but does not state any factual allegations showing the purported "software" used by Harman constitutes a pen register, *see id.* ¶¶ 16, 24;

- Does not identify offending code, software, or a third-party vendor (and simply insists that a "'pen register' software" was used), *see id.* ¶ 16; and

- Recites the statutory elements of a CIPA claim without alleging any facts about Harman's specific conduct, *see id.* ¶¶ 24-29.

Cody admits that she is a "tester" plaintiff who sought out JBL.com to come up with a CIPA claim.  *See id.* ¶ 4.  Nowhere in her Complaint does Cody allege that she is a customer of JBL.com.  *See generally id.*

**Harman Is Not A California Resident**

The Complaint alleges that Harman "sells audio components" and that JBL.com is its website.  *See* Compl. at 1:2-4; 3:4.  Harman is incorporated in Delaware.  *See* Compl. ¶ 5.  Its principal place of business is in Connecticut.  *See* ECF No. 4 at 1:9-

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

12.  Nowhere in the Complaint does Cody allege that Harman targeted her or Californians with any "identity resolution" efforts.  *See* Compl. ¶ 11; *see generally id.*

## **Cody And Her Counsel File Numerous Copy-And-Paste Complaints**

Cody filed over 20 other CIPA cases in California courts since July 2022.  *See* Req. for Judicial Notice ("RJN") ¶ 8.  Cody is the plaintiff in seven other cases before this Court that allege various CIPA violations (including allegations that defendants violated CIPA by purportedly eavesdropping on chat messages or by purportedly monitoring users' keystrokes).  *See id.* ¶ 8(a); *see e.g.*, *id.* Exs. 2-3.  Cody is the plaintiff in four California federal cases outside of this district (two cases before the United States District Court for the Northern District of California and two cases before the United States District Court for the Southern District of California) with all four of those cases alleging that defendants violated CIPA by eavesdropping on chat messages.  *See id.* ¶ 8(b).  Cody is also the plaintiff in 11 California state court cases involving CIPA claims including those based on defendants' alleged eavesdropping on chat messages or alleged monitoring of visitors' keystrokes.  *See id.* ¶ 8(c).

Cody's counsel (Pacific Trial Attorneys, APC) filed at least 80 complaints against other defendants containing similar CIPA claims based on substantially similar allegations.  *See* RJN ¶ 9.  The template copy-and-paste complaints in these other actions are brought by a variety of "tester" plaintiffs where the only time the actual party names appear is on the caption page and/or in the unnumbered introduction section.  *See id.*

The copy-and-paste nature of the complaints extends to the jurisdiction and damages allegations.  For example, other complaints filed by Cody's counsel include the same allegations as those in the Complaint that: (1) the Court has personal jurisdiction because "Plaintiff believes that Defendant generates a minimum of eight percent of revenues from its website based upon interactions with Californians," *compare* RJN Exs. 4-7 ¶ 2, *with* Compl. ¶ 2; and (2) "Plaintiff suffered both an

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

economic injury and an intangible injury to Plaintiff's dignity caused by the violation of Plaintiff's right to privacy," *compare* RJN Exs. 4-7 ¶ 26, *with* Compl. ¶ 26.

### **Courts Have Dismissed Cody's Counsel's "Cookie Cutter" Complaints**

The copy-and-paste nature of CIPA complaints like Cody's garnered attention from another judge in this district.  For example, the Honorable Jesus G. Bernal observed in dismissing a CIPA case brought by Cody's counsel:

> [T]he Court acknowledges the central dynamic in this litigation, underscoring all of the deficiencies in the Complaint: Plaintiff, and his counsel, Scott Ferrell, are serial litigants bringing numerous "cookie cutter" lawsuits under CIPA against various businesses that operate websites.  Mr. Ferrell appears to have filed over 60 (and likely more) of these virtually identical lawsuits in the last year, with more seemingly filed every week.

*Licea v. Caraway Home Inc.*, 655 F. Supp. 3d 954, 964 (C.D. Cal. 2023).

### **ARGUMENT**

Cody's Complaint is fatally deficient and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6).  Cody fails to allege facts showing the Court has personal jurisdiction over Harman – a Delaware corporation with a Connecticut principal place of business.  *See* Fed. R. Civ. P. 12(b)(2) (providing for motion to dismiss on grounds of lack of personal jurisdiction).  Cody also fails to state a claim against Harman.  *See* Fed. R. Civ. P. 12(b)(6) (including failure "to state a claim upon which relief can be granted" as basis for dismissal).

### I.   **CODY FAILS TO ESTABLISH PERSONAL JURSIDICTION**

The Complaint should be dismissed given Cody's failure to demonstrate the Court's personal jurisdiction over Harman.  *See* Fed. R. Civ. P. 12(b)(2) (allowing defendants to assert "lack of personal jurisdiction" defense by motion); *Sher v. Johnson*, 911 F.2d 1357, 1360 (9th Cir. 1990) (ruling due process requires defendant to have minimum contacts with forum state and finding plaintiff failed to establish that Court has personal jurisdiction over all defendants); *see also Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004) (burdening plaintiff

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

1  with "demonstrating that jurisdiction is appropriate" in response to motion to dismiss

2  and dismissing claim because plaintiff failed to meet burden).

3      Cody does not satisfy her burden to establish general or specific personal

4  jurisdiction over non-California Defendant Harman through cookie-cutter allegations.

5  *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)

6  (dismissing case for lack of personal jurisdiction and explaining a federal court may

7  assert either "general, all-purpose jurisdiction" or specific jurisdiction to decide

8  "issues deriving from, or connected with, the very controversy that establishes

9  jurisdiction"); *Schwarzenegger*, 374 F.3d at 800 ("Where a defendant moves to

10  dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of

11  demonstrating that jurisdiction is appropriate.").

12      **A.**   **Cody's Complaint Does Not Establish General Jurisdiction**

13      Cody fails to show that the Court has general jurisdiction because Cody does

14  not allege that Harman's "affiliations with" California are "so 'continuous and

15  systematic' as to render [it] essentially at home" in California.  *Goodyear*, 564 U.S. at

16  919.  A corporate defendant's place of incorporation and principal place of business

17  are "'paradig[m]' bases for the exercise of general jurisdiction."  *Id.* at 924; *see*

18  *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("With respect to a corporation, the

19  place of incorporation and principal place of business are 'paradig[m] . . . bases for

20  general jurisdiction.'").  Only in "exceptional" cases where a corporation's operations

21  in a forum state are "so substantial and of such a nature as to render the corporation at

22  home in that State" would general jurisdiction over the corporation "in a forum other

23  than its formal place of incorporation or principal place of business" be proper.  *See*

24  *Daimler AG*, 571 U.S. at 139 n.19; *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070

25  (9th Cir. 2014) (stating "that the 'paradigm' fora for general jurisdiction are a

26  corporation's place of incorporation and principal place of business" and "[o]nly in an

27  'exceptional case' will general jurisdiction be available anywhere else").

28

Cody's allegations do not show there is general jurisdiction over Harman given that Harman is incorporated and has its principal place of business outside of California. *See* Compl. ¶¶ 1-2, 5. Cody admits that Harman is incorporated in Delaware. *See id.* ¶ 5; *see also id.* at 1:14-16 (stating in the caption that Harman is "a Delaware corporation"); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998) (holding "district court correctly concluded that it did not have general jurisdiction" over defendant who "is domiciled in Illinois and his activities in California are not substantial or continuous and systematic"). Harman's principal place of business is in Connecticut. *See* ECF No. 4 at 1:11-12; *Daimler AG*, 571 U.S. at 139 n.20 ("General jurisdiction . . . calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide. A corporation that operates in many places can scarcely be deemed at home in all of them.").

Further, Cody does not establish general jurisdiction because she offers no factual allegations showing that this is "an exceptional case" where Harman's alleged operations of JBL.com in "a forum other than its formal place of incorporation or principal place of business" are "so substantial and of such a nature as to render" Harman "at home" in California. *See Daimler AG*, 571 U.S. at 139 n.19; *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1226 (9th Cir. 2011) ("Operation of an interactive website – even a 'highly interactive' website – does not confer general jurisdiction"); *see also Martinez*, 764 F.3d at 1070 ("The Supreme Court's recent decision in *Daimler* makes clear the demanding nature of the standard for general personal jurisdiction over a corporation.").

## B.   Cody's Complaint Does Not Establish Specific Jurisdiction

Cody fails to meet her burden to establish specific jurisdiction. The Court has specific jurisdiction over a non-California defendant like Harman only if: (1) Harman purposefully directed its activities to California; (2) Cody's CIPA claim arises from the activities Harman purposefully directed to California; and (3) the exercise of specific jurisdiction over Harman is reasonable. *See Schwarzenegger*, 374 F.3d at 802

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

(placing burden on plaintiff to show that nonresident defendant purposefully directed

activities to the forum and that the claim "arises out of or relates to the defendant's

forum-related activities").  Cody's generic allegations – the same allegations asserted

against multiple defendants sued by Cody's counsel – do not satisfy her burden to

establish each of the required elements necessary for specific jurisdiction.

Cody's limp attempts to show Harman's purported purposeful direction of its

activities to California fall flat.  Cody's conclusory assertion that JBL.com targets

Californians is insufficient when she "must show that there was 'individual targeting'

of [California] residents" by Harman.  *DFSB Kollective Co. v. Bourne*, 897 F. Supp.

2d 871, 874-75 (N.D. Cal. 2012) (holding plaintiffs did not "make a prima facie

showing that defendant expressly aimed his conduct at California" because plaintiffs

failed to show defendant "anticipated, desired, and achieved a substantial California

viewer base" for his website); *see* Compl. ¶ 2; *Briskin v. Shopify, Inc.*, 87 F.4th 404,

419-20 (9th Cir. 2023) (requiring plaintiff to allege a "forum-specific focus" or that

"defendant is specifically appealing to an audience in a particular state" or "actively

targeting the forum state").  Cody's general accusation that Harman allegedly violated

CIPA alone without factual allegations also does not show any purposeful direction to

California by Harman.  *See* Compl. ¶ 2; *Graham v. Noom, Inc.*, 533 F. Supp. 3d 823,

838 (N.D. Cal. 2021) (finding no specific personal jurisdiction over website for CIPA

claim where website contracted with a vendor and all jurisdictional allegations were

premised on vendor's conduct)

Cody also does not establish that her claim arises from Harman's activities that

are purposefully directed to California.  Initially, Cody cannot show her claim is based

on any Harman California-targeted activity when she fails to allege purposeful

direction or any actions at all by Harman.  Regardless, Cody does not allege her CIPA

claim arises from Harman's purported activities because whether JBL.com made

money in California is irrelevant to Cody's claim that Harman used an illegal pen

register.  *See* Compl. ¶ 2; *Bristol-Myers Squibb Co. v. Superior Court of Cal., San*

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

*Francisco Cnty.*, 582 U.S. 255, 265 (2017) (noting specific jurisdiction requires "a connection between the forum and the specific claims at issue"); *Goodyear*, 564 U.S. at 931 n.6 ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales."). Cody does not assert that Harman purposefully directed the alleged pen register to Californians to increase revenues, but such an allegation would not be sufficient (or plausible). *See Schwarzenegger*, 374 F.3d at 803, 805-07 (finding general advertising is not sufficient to show defendant purposefully directed its conduct to forum state to establish specific jurisdiction).

The Court's exercise of specific jurisdiction over Harman is not reasonable when the Complaint does not allege any facts showing that Harman engaged in any conduct through which it purposefully directed its purported pen register to California. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (ruling that "purposeful availment . . . ensures that a defendant will not be haled into a jurisdiction solely" because of random, fortuitous, or attenuated contacts). The Complaint does not allege Harman engaged in any specific conduct and contains only the copy-and-paste jurisdictional allegations made against the 80 other defendants. *See Licea*, 655 F. Supp. 3d at 970 n.6 (finding jurisdictional allegations copied-and-pasted and used against numerous defendants do not meet burden).

## C. <u>Cody Does Not Establish Personal Jurisdiction With A Cookie-Cutter Complaint</u>

California federal courts have found the copied-and-pasted complaints with similar jurisdictional allegations filed by Cody's counsel fail to establish personal jurisdiction and dismissed these complaints. *See Licea*, 655 F. Supp. at 970 (finding allegations that website is broadly accessible are insufficient to establish specific personal jurisdiction); *see also Daghaly v. Bloomingdales.com, LLC*, — F. Supp. 3d —, 2023 WL 6538382, at *3 (S.D. Cal. Oct. 6, 2023) (finding allegations regarding tool to intercept data insufficient to establish minimum contacts with California).

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

The Court should reach the same conclusion regarding the lack of personal jurisdiction as the other courts which have dismissed the other copied-and-pasted complaints by Cody's counsel.  *See Licea*, 655 F. Supp. 3d at 970 n.6 (observing that the complaint "is the epitome of what *Twombly* and *Iqbal* sought to prevent" with respect its "jurisdictional facts").  Cody's generic jurisdictional allegations are not specific to Harman (as highlighted by the substantially identical allegations made against at least 80 other defendants accused of similar CIPA violation) and asserts zero factual allegations demonstrating the existence of personal jurisdiction over Harman.  *See Licea*, 655 F. Supp. 3d at 968-70 (dismissing plaintiff's "barebones pleading" when "the Complaint is completely devoid of the necessary factual allegations to establish personal jurisdiction under any standard"); *compare* RJN Ex. 4 ¶ 2 (alleging there is personal jurisdiction over defendant Sleep Number because "Plaintiff believes that Defendant generates a minimum of eight percent of revenues from its website based upon interactions with Californians"), *with* Compl. ¶ 2 ("Plaintiff believes that Defendant generates a minimum of eight percent of revenues from its website based upon interactions with Californians.").

Cody cannot satisfy her burden to establish personal jurisdiction by using a general, one-size-fits-all template that does not allege any facts showing that personal jurisdiction exists over Harman.  *See Schwarzenegger*, 374 F.3d at 800 (placing burden on plaintiff to plead sufficient facts to establish personal jurisdiction); *Licea*, 655 F. Supp. 3d at 970 (concluding the court lacks personal jurisdiction given the "glaring deficiencies in [plaintiff's] pleading of jurisdictional facts"); *Daghaly*, 2023 WL 6538382, at *3 (granting dismissal for lack of personal jurisdiction given plaintiff's failure to allege that jurisdiction exists).

## II.  <u>CODY FAILS TO STATE ANY CLAIM AGAINST HARMAN</u>

Cody's Complaint should be dismissed as she does not plead any claim against Harman.  *See* Fed. R. Civ. P. 12(b)(6).  Cody's Complaint cannot survive dismissal when she fails to state factual allegations that are "enough to raise a right to relief

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

above the speculative level" and fails to plead "enough facts to state a claim to relief that is plausible on its face."  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").  Cody's Complaint also fails at the pleading stage because it contains no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *See Iqbal*, 556 U.S. at 678.

Cody's copy-and-paste CIPA claim without factual allegations about Harman's alleged wrongful conduct comes nowhere close to satisfying her pleading burden. Cody does not: (1) plausibly plead facts to establish a claim under California Penal Code Section 638.51; (2) allege that she was harmed by the alleged conduct; and (3) state sufficient allegations to support her claims for punitive damages. Additionally, the *Greenley v. Kochava, Inc.* out-of-district ruling relied on heavily by Cody does not support her purported claim against Harman.

## A.   Cody's Vague, Copy-And-Paste Allegations Do Not State A Claim

Cody's single cause of action should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  Cody fails to meet Federal Rule of Civil Procedure 8's pleading standard, allege Harman used a pen register as defined under the applicable statute, plead the required harm element of the claim, support its claim for punitive damages, or include any facts about Harman's specific conduct. *See* Fed. R. Civ. P. 12(b)(6) (permitting defendant to file motion to dismiss to challenge complaint's failure to state a claim upon which relief can be granted).

### 1.   Cody's Copy-And-Paste Complaint Violates The *Twombly*/*Iqbal* Pleading Standard

Cody's use of a generic pleading template without a single allegation about Harman violates federal pleading rules.  Cody must state "a short and plain statement of the claim showing that the pleader is entitled to relief" in her Complaint.  Fed. R. Civ. P. 8(a)(2).  Cody does not provide such a statement.

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

Two seminal United States Supreme Court cases (*Twombly* and *Iqbal*) set forth Cody's obligation to make a short, plain statement of her claim under Rule 8. The Court in *Twombly* ruled that a plaintiff must offer more than labels, conclusions, and formulaic recitations of the elements and more than speculative factual allegations such that the complaint contains "enough factual matter" to render a claim plausible to survive a motion to dismiss. *See Twombly*, 550 U.S. at 555 (finding further factual enhancement is required to meet plausibility requirement). The Court later held in *Iqbal* that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." 556 U.S. at 678. A plaintiff's complaint must place the defendant on notice of the alleged wrongful conduct. *See Twombly*, 550 U.S. at 555 (finding Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests").

Cody's Complaint violates the basic tenets of pleading her claim. For example, Cody states that "[i]n response to an appropriate request, Plaintiff will share with Defendant proof of the deployment and activity of the pen register." Compl. ¶ 16. A plaintiff cannot bring a cause of action that saves the crux of the allegations for a later surprise reveal and does not provide *any* notice (much less the required fair notice) to Harman of the purportedly wrongful conduct. *See Twombly*, 550 U.S. at 555 (requiring plaintiff to give defendant fair notice of what the claim is). Cody also does not allege facts that are specific to Harman's alleged CIPA-violation which makes Cody's claim lack facial plausibility and her Complaint deficient. *See Iqbal*, 556 U.S. at 678-79 (stating complaints with no more than naked assertions "devoid of 'further factual enhancement'" do not "suffice" and complaints "must contain sufficient factual matter" to "state a claim to relief that is plausible on its face"); *see, e.g.*, Compl. ¶¶ 6-15 (discussing a general "right to privacy" and unspecified "'pen register' software").

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

Cody's template Complaint (which has been filed against several other defendants) does not meet the Rule 8 pleading standards.  *See Valenzuela v. Keurig Green Mountain, Inc.*, — F. Supp. 3d —, 2023 WL 3707181, at *5 (N.D. Cal. May 24, 2023) (finding speculative recitation of elements of CIPA claim fails to meet *Twombly* pleading standard).  Indeed, Judge Bernal noted in dismissing a similar complaint filed by Cody's counsel (which was "replete with evidence of cut-and-paste work, perhaps the most obvious of which is that it never mentions the name of the company Plaintiff is suing after the caption page"):

> *Twombly-Iqbal* pleading standards might be distilled to a single proposition: if a litigant pleads at such a high level of generality that it is possible to copy and paste a complaint word-for-word against a new defendant (at least after the unnumbered "introduction" section, where Plaintiff's Counsel has written the URL of the defendant of the day and referred to it as "the Website" so that he need not make a single other alteration to the rest of the complaint), then almost by definition he is pleading without the factual specificity necessary to state a claim for relief.

*Byars v. Hot Topic, Inc.*, 656 F. Supp. 3d 1051, 1060-61 (C.D. Cal. 2023).  Cody's Complaint is subject to the same result because Cody does not mention Harman or JBL.com after the unnumbered "introduction" section and does not state any allegations specific to Harman.  *See Licea*, 655 F. Supp. 3d at 970 n.6 (cautioning that "[i]f Plaintiff chooses to file an amended complaint, he should take the opportunity to plead specific facts as to what [defendant] and an (unnamed) third party has done, not just generic allegations copied and pasted from other lawsuits"); *see generally* Compl.

## 2.    Cody Does Not Plead That Harman Uses A Pen Register

Cody fails to plead the required element that the third-party code allegedly used on the JBL.com website constitutes a "pen register."  *See generally* Compl.  Cody's CIPA claim requires (among other things) allegations that Harman used a pen register. *See* Cal. Pen. Code § 638.50(b) (defining "pen register"); Cal. Pen. Code § 638.51(a) (stating that "a person may not install or use a pen register" without a court order).

Cody repeats the generic definition of "pen register" stated in California Penal Code Section 638.50 but neither identifies the purported software nor allege facts

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

showing the specific software Harman allegedly deployed constitutes a pen register. *See Iqbal*, 556 U.S. at 678 (stating a complaint must state more than "a formulaic recitation of the elements of a cause of action"); *compare* Compl. ¶ 16 (alleging Harman "deployed 'pen register' software" that "decode[s] routing, addressing, and signaling information to obtain the IP address of each visitor"), *with* Cal. Pen. Code § 638.50 (defining "pen register" as "a device or process that . . . decodes dialing, routing, addressing, or signaling information"). Cody's discussion regarding "pen register software" in the abstract does not plead factual allegations about the software allegedly "deployed" by Harman. *See* Compl. ¶¶ 9-15; *see also Iqbal*, 556 U.S. at 678 (providing that a complaint must offer more than "labels and conclusions").

Cody offers no "plausible grounds to infer" Harman's use of a pen register given her failure to allege facts to support such finding. *Twombly*, 550 U.S. at 556-57. Essentially, Cody alleges that Harman uses a pen register under California Penal Code Section 638.50 because Harman allegedly uses a software that is supposedly a pen register. *See* Compl. ¶ 16. Cody's unsubstantiated circular reasoning does not satisfy her obligation to plead "enough factual matter" to show Harman uses a purported pen register. *Twombly*, 550 U.S. at 556; *see Iqbal*, 556 U.S. at 678 (explaining a claim lacks "facial plausibility" when plaintiff does not plead "factual content" showing "more than a sheer possibility that a defendant has acted unlawfully").

### 3. Cody Fails To Plead Sufficient Facts To Plausibly Establish Other Claim Elements

Cody's claim fares no better as to the remaining elements because Cody alleges nothing more than the legal elements of the claim without any facts. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (holding allegations in complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and . . . enable the opposing party to defend itself effectively," and "allegations that are taken as true must plausibly suggest an entitlement to relief"). To wit:

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

| **Complaint's Lone Allegations** | **Statutory Language** |
|---|---|
| "Defendant knowingly and criminally deployed pen register software to access Plaintiff's device, install tracking software, and obtain Plaintiff's IP address."  Compl. ¶ 25. | "[A] person may not install or use a pen register or a trap and trace device without first obtaining a court order[.]"  Cal. Pen. Code § 638.51(a). |
| "Plaintiff did not consent to Defendant's actions."  Compl. ¶ 25. | "A provider of electronic or wire communication service may use a pen register or a trap and trace device . . . [i]f the consent of the user of that service has been obtained."  Cal. Pen. Code § 638.51. |
| "Plaintiff suffered both an economic injury and an intangible injury to Plaintiff's dignity caused by the violation of Plaintiff's right to privacy."  Compl. ¶ 26. | "Any person who has been injured by a violation of this chapter may bring an action against the person who committed the violation[.]"  Cal. Pen. Code § 637.2. |
| "By knowingly violating a criminal statute and illegally accessing Plaintiff's device to install tracking software, Defendant acted with oppression and malice.  As such, Defendant is liable for punitive damages pursuant to Civil Code section 3294."  Compl. ¶ 27. | "In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff . . . may recover damages for the sake of example and by way of punishing the defendant."  Cal. Civ. Code § 3294(a). |
| "Plaintiff is also entitled to statutory damages of $5,000.  See Penal Code § 637.2(a)(1)."  Compl. ¶ 28. | "Any person who has been injured by a violation of this chapter may bring an action against the person who committed the violation for . . . [f]ive thousand dollars ($5,000) per violation."  Cal. Pen. Code § 637.2(a)(1). |

Cody does not meet her pleading burden because her Complaint "stops short" of having "facial plausibility" by containing allegations that are "merely consistent with" Harman's alleged liability.  *Iqbal*, 556 U.S. at 678 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss" and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *see generally* Compl.; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 970 (9th Cir. 2009) ("Bald allegation . . . standing alone, is conclusory and is therefore not

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

entitled to an assumption of truth.").  Cody's Complaint "is the epitome of what *Twombly* and *Iqbal* sought to prevent" and should be dismissed.  *See Licea*, 655 F. Supp. 3d at 970.

**B.**     **Cody, A "Tester" Plaintiff, Does Not Allege That She Was Harmed By The Alleged Conduct**

Cody's CIPA claim fails because nowhere in the Complaint does Cody allege facts showing that Harman's purported conduct caused her injury.  *See generally* Compl.  Cody's sole assertion referencing a vague purported injury is inadequate because: (1) it is conclusory and alleges no facts; and (2) Cody does not allege Harman caused this purported injury.  *See* Compl. ¶ 26 ("Plaintiff suffered both an economic injury and an intangible injury to Plaintiff's dignity caused by the violation of Plaintiff's right to privacy."); *Iqbal*, 556 U.S. at 678 (noting that a complaint with nothing "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" is subject to dismissal).

CIPA requires Cody to allege facts showing that Harman's purported CIPA violation caused her injury.  *See* Cal. Pen. Code § 637.2(a).  California Penal Code Section 637.2(a) permits a "person who has been *injured by a violation of this chapter*" to "bring an action against the person who committed the violation."  *See id.* (emphasis added).  The plain language of CIPA's private action provision – that "any person who has been *injured by* a violation of this chapter may bring an action against the person who committed the violation" – does not allow for a claim based on strict liability.[2]  *See* Cal. Pen. Code § 637.2 (emphasis added); *see also Gonzales v. CarMax*

---

[2] Courts interpreting similar statutory language concluded a plaintiff must allege injury resulting from a violation of the statute at issue. *Cf. Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*, 2016 WL 6523428, at *10 (S.D. Cal. Nov. 3, 2016) (holding plaintiff failed to state a claim when plaintiff "failed to allege any injury proximately caused by any violation" of California Civil Code Section 1798.82 and the applicable statute only allows for "suit by '[a]ny customer *injured by* a violation of [the CRA]'"); *Gilbert v. MoneyMutual,*

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

*Auto Superstores, LLC*, 840 F.3d 644, 650 (9th Cir. 2016) (noting that courts "first looks to the language of the statute, giving effect to the words' plain meaning" and if "the language is unambiguous, the plain meaning controls" when interpreting statutes under California law).  Cody must allege injury even if she does not need actual damages for a CIPA claim.  *See Saleh v. Nike, Inc.*, 562 F. Supp. 3d 503, 522 (C.D. Cal. 2021) (finding complaint alleging CIPA causes of action deficient because plaintiff failed to allege injury from software that recorded keystrokes on website).

Cody fails to state a claim because there are no facts showing that she was injured by Harman's alleged CIPA violation.  Cody's conclusory assertions such as those about purported "economic injury and an intangible injury to Plaintiff's dignity caused by the violation of Plaintiff's right to privacy" (without any allegation on who caused this purported "violation") is inadequate to state a claim.  Compl. ¶ 26; *see Twombly*, 550 U.S. at 555 (requiring more than a "formulaic recitation of elements" to satisfy pleading requirements).  Cody only recites the legal standard and does not include a single fact describing the injury she suffered because of Harman's alleged use of a pen register.  *See generally* Compl.  Cody's barebones recitation fails to meet her pleading burden because the other 80 pending complaints contain identical barebones recitation of injury.  *See Byars*, 656 F. Supp. 3d at 1060-61 (finding plaintiff fails to meet *Twombly* pleading standard if plaintiff "pleads at such a high level of generality that it is possible to copy and paste a complaint word-for-word against a new defendant"); RJN, Exs. 4-7 ¶ 26.

---

*LLC*, 2016 WL 7826655, at *3 (N.D. Cal. Jan. 27, 2016) (finding "the language 'injured by a violation'" in the California Deferred Deposit Transaction Law "implies that there must be a causal connection between the alleged violation and a plaintiff's injury"); *Boorstein v. CBS Interactive, Inc.*, 222 Cal. App. 4th 456, 466-67 (2013) (holding "a plaintiff must have suffered a statutory injury to have standing to pursue a cause of action under the [Shine the Light] law, regardless of the remedies he or she seeks" where the statute "creates a private right of action in any customer 'injured by a violation of this title'").

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

The Complaint's dearth of "factual content" means that there are no grounds for drawing a "reasonable inference" that Harman caused any injury to Cody and that, therefore, Cody fails to state a "plausible claim for relief."  *See Iqbal*, 556 U.S. at 678-79.  Nowhere in the Complaint does Cody state factual allegations (much less factual allegations that allow for an inference arising beyond a "mere possibility") that Harman injured Cody through operation of the JBL.com website (which Cody alleges sells audio products and not software or consumer data).  *See id.*; *see generally* Compl.  Cody also fails to offer a plausible explanation for how she could suffer injury considering her self-proclaimed status as a "tester" plaintiff who intentionally sought out JBL.com for a lawsuit and searched for an alleged CIPA violation.  *See* Compl. ¶ 4; *Iqbal*, 556 U.S. at 678 (ruling plausibility requires "more than a sheer possibility that a defendant has acted unlawfully").

## C.     Cody Fails To State A Claim For Punitive Damages

Cody's punitive damages request should be dismissed because it fails to meet Rule 8's pleading standards as articulated in *Twombly* and *Iqbal*.  *See Bouncing Angels, Inc. v. Burlington Ins. Co.*, 2017 WL 1294004, at *4 (C.D. Cal. March 20, 2017) (dismissing plaintiff's claim for punitive damages where plaintiff's allegations of malice, oppression, or fraudulent intent lack sufficient factual detail and did not "satisfy the requirements of *Twombly* and *Iqbal*"); *see also McCalip v. TED Confs., LLC*, 690 F. App'x 944, 945 (9th Cir. 2017) (affirming district court's decision to dismiss punitive damages claim for failure to allege facts demonstrating malice, oppression, or fraud).

Cody's claim for punitive damages under California Civil Code Section 3294 contains no allegations of specific conduct engaged in by Harman.  *See* Compl. ¶ 27 ("By knowingly violating a criminal statute and illegally accessing Plaintiff's device to install tracking software, Defendant acted with oppression and malice."); *see also* Cal. Civ. Code § 3294 ("In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.").  Cody's parroting the elements of a claim for punitive damages cannot save the Complaint from dismissal.  *See Diaz v. Bank of Am. Home Loan Serv., L.P.*, 2011 WL 13046844, at \*5 (C.D. Cal. July 8, 2011) (dismissing punitive damages from complaint and ruling "[t]he inclusion of statutory language in a Complaint without alleging corresponding *facts* cannot lift an insufficiently pleaded complaint over the *Iqbal* and *Twombly* hurdles")).

Moreover, Cody's claim for punitive damages does not satisfy the plausibility threshold under *Twombly* and *Iqbal* because the Complaint does not allege facts establishing any malicious conduct by Harman.  *Compare* Compl. ¶ 27, *with* RJN Exs. 4-7 ¶ 27 (stating identical punitive damages claims), *and* RJN ¶ 9 (listing over 80 cases in which identical punitive damages claims were made).  The Complaint fails to allege facts showing *Harman's* conduct when the same allegations are made against 80 other defendants.  *See Byars*, 656 F. Supp. 3d at 1060-61 ("[I]f a litigant pleads at such a high level of generality that it is possible to copy and paste a complaint word-for-word against a new defendant . . . , then almost by definition she is pleading without the factual specificity necessary to state a claim for relief.").

### D.    The Southern District Of California's *Greenley* Ruling Does Not Support Cody's Invented Cause Of Action Against Harman

Cody relies on an out-of-district motion to dismiss ruling that found a complaint sufficiently stated a claim that a data broker's practices could potentially constitute a pen register.  *See* Compl. ¶¶ 15, 17, 25 (citing *Greenley v. Kochava, Inc.*, — F. Supp. 3d —, 2023 WL 4833466 (S.D. Cal. July 27, 2023)).  But, that other ruling does nothing to save Cody's Complaint.

Cody's cookie-cutter Complaint is nothing like the complaint or allegations in *Greenley*.  The *Greenley* plaintiff filed a 54-page complaint with 239 paragraphs of factual allegations against a data-broker defendant.  *Greenley*, 2023 WL 4833466, at

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

*1; RJN Ex. 1. Plaintiff alleged that Kochava was a data broker who developed and provided software to app developers in return for Kochava's ability to intercept and sell app users' location data. *See Greenley*, 2023 WL 4833466, at *1. The lawsuit arose after the Federal Trade Commission pursued claims against Kochava for allegedly selling data about consumers to "sensitive locations" like health-care facilities. *See id.* at *2; *Fed. Trade Comm'n v. Kochava, Inc.*, — F. Supp. 3d —, 2023 WL 3249809, at *9 (D. Idaho May 4, 2023) (dismissing FTC's complaint against Kochava for failure to plead harm).

The *Greenley* ruling did not find that plaintiff's claims have merit or create a new theory of liability under California law. *See Greenley*, 2023 WL 4833466, at *17-19. Instead, the *Greenley* Court: (1) granted Kochava's motion to dismiss as to many of the asserted claims, *see id.*; and (2) denied Kochava's motion to dismiss as to certain claims including a claim under California Penal Code Section 638.51. *See id.* at *15. The *Greenley* judge noted that the 239-paragraph complaint with extensive factual allegations against Kochava was "enough to survive the Motion to Dismiss." *Id.* at *16. No other court has adopted *Greenley*'s holding with respect to California Penal Code Section 638.51 claims.

*Greenley* is inapposite and does not support a CIPA claim against Harman. Cody's cut-and-paste Complaint does not allege that Harman is a data broker. *Compare* Compl. ¶ 5 (alleging Harman "sells audio components"), *with Greenley*, 2023 WL 4833466, at *1 (describing Kochava as a data broker). Cody does not allege any facts showing Harman performs identity resolution, develops pen register code, or sells consumer data. *Compare* Compl. (stating no allegations that Harman's business relates to identity resolution, pen register code, or consumer data), *with Greenley*, 2023 WL 4833466, at *1 (explaining Kochava allegedly intercepts location data through software it developed). Nor would such allegation make sense when Harman "designs and engineers" various "connected products and solutions," and JBL.com is a website for audio-related products. *See* ECF No. 14 at 8:26-9:2; ECF No. 14-2,

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

Ex. 15 at 2.  Additionally, Cody's threadbare template complaint is unlike the 54-page, 239-paragraph complaint in *Greenley*.  *Compare* Compl. (providing generic allegations without any specific allegations against Harman), *with* RJN Ex. 1. *Greenley* does not hold that a viable cause of action exists under California Penal Code Section 638.51 against a company with no involvement in the software or data business, and Cody's citation to *Greenley* in her Complaint cannot create a new cause of action where none otherwise exists.

## <u>CONCLUSION</u>

For the foregoing reasons, Harman respectfully requests that the Court enter an Order dismissing Cody's Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(2) and/or 12(b)(6).

Dated:     February 23, 2024          **WILLKIE FARR & GALLAGHER LLP**

By:     */s/ Eric J. Bakewell*
        Eric J. Bakewell
        Benita S. Yu
        Sam R. Santopoalo
        Emily Horak

*Attorneys for Defendant*
*HARMAN International Industries, Inc.*

**WILLKIE FARR & GALLAGHER LLP**
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

HARMAN INTERNATIONAL INDUSTRIES, INC.'S MOTION TO DISMISS COMPLAINT

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Harman International Industries, Inc. ("Harman"), certifies that this brief contains 6,992 words, which complies with the word limit of Civil Local Rule 11-6.1.

Harman's compliance with the world limit under Civil Local Rule 11-6.1 is proper given that the Court's Standing Order dated January 3, 2024 (ECF No. 11) does not set a word limit.

Dated:     February 23, 2024

**WILLKIE FARR & GALLAGHER LLP**

By:   */s/ Eric J. Bakewell*
Eric J. Bakewell
Benita S. Yu
Sam R. Santopoalo
Emily Horak

*Attorneys for Defendant*
*HARMAN International Industries, Inc.*